# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| SCOTT T. HANCOCK, a Washington resident,<br><br>        Plaintiff,<br><br>    v.<br><br>THE CITY OF RIDGEFIELD, WASHINGTON; and THE QUADRANT CORPORATION, a Washington Corporation,<br><br>        Defendants. | CASE NO. C09-5580BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REMAND |

This matter comes before the Court on Plaintiff's motion for remand (Dkt. 9). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On August 10, 2009, Plaintiff filed a complaint against Defendants in this matter. Dkt. 1. On September 16, 2009, Defendants filed a notice of removal based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Id.* On October 2, 2009, Plaintiff filed a motion to remand. Dkt. 9. On October 19, 2009, Defendants filed a response in opposition to Plaintiff's motion. Dkt. 12. On October 22, 2009, Plaintiff replied. Dkt. 14.

**II. FACTUAL BACKGROUND**

This matter arises out of Plaintiff's complaint regarding actions taken by Defendants that affected an express easement appurtenant to Plaintiff's property. Dkt. 1.

ORDER - 1

Specifically, Plaintiff alleges that The Quadrant Corporation, with the City of Ridgefield's approval, "constructed islands and traffic control devices permanently blocking access from plaintiff's easement to SR 501; and permanently blocking access from SR 501 to plaintiff's easement, except to vehicles traveling west on SR 501." Dkt. 1 at 7. In his complaint, Plaintiff alleged eleven causes of action, five of which are federal questions. *See* Dkt. 1 at 9-16. Significantly, however, the factual allegations relied on for each of Plaintiff's eleven claims are the same. *See id*.

Originally, Plaintiff filed this action in Clark County Superior Court. Dkt. 1 at 5. Defendants removed the matter by invoking the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. Dkt. 1. Plaintiff challenges the propriety of Defendants' removal. Dkt. 14 at 2. In doing so, Plaintiff moves the court to do one of the following: (1) remand the matter to state court; (2) decline supplemental jurisdiction over the state law claims; or (3) remand by abstention. Dkt. 9 at 3-11.

### III. DISCUSSION

**A.     Authority to Remand**

Plaintiff moves the Court to remand the instant matter back to state court. *See* 28 U.S.C. § 1447 (setting out procedure after removal generally); *see also* 28 U.S.C. § 1441(c) (setting out standards for remand). 28 U.S.C. § 1441(c) authorizes remand of all issues in which state law predominates only where the federal claims are "separate and independent" from the state law claims joined in the complaint. *See Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 786 (3rd Cir. 1995). "[W]here there is a single injury to plaintiff for which relief is sought, arising from an interrelated series of events or transactions, there is no separate or independent claim or cause of action under § 1441(c)." *Id* (citing *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S. Ct. 534, 95 L. Ed. 702 (1951)).

Here, Plaintiff's claims are not separate and independent; indeed, they arise out of and depend upon the same set of operative facts that make up a single alleged injury. *See*

Dkt. 1 (the complaint). Therefore, the Court can neither dismiss the entire case for lack of jurisdiction nor remand it under 28 U.S.C. § 1441(c). *See Brockman v. Merabank*, 40 F.3d 1013, 1017 (9th Cir. 1994) (citing *Buchner v. FDIC*, 981 F.2d 816, 820 (5th Cir. 1993) (declining to authorize a remand where federal court had original jurisdiction over action involving FDIC); *See also Lancaster*, 45 F.3d at 786.

**B.     Supplemental Jurisdiction**

Plaintiff moves the Court, in the alternative, to decline supplemental jurisdiction over the state law claims asserted in this matter. However, upon a defendant's removal of a case to federal court, the court "shall have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy." 28 U.S.C. § 1367(a). Subsection (c) of § 1367 provides that:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Because the Court concludes that state law does not predominate and that the Court has no authority to remand the properly removed federal questions, subsections (c)(2) and (c)(3) are not at issue. Plaintiff fails to adequately support his contention that this matter involves a novel or complex issue of state law, which means (c)(1) is also not at issue. Finally, Plaintiff does not argue that (c)(4) is implicated in this matter. Therefore, the Court exercises its supplemental jurisdiction over Plaintiff's remaining state law claims, which could not have been brought in federal court otherwise. *See* Dkt. 1 at 12-16 (claims 6-11).

**C.  Abstention**

Plaintiff also moves the Court, in the alternative, to remand by abstention if it declines to remand under 28 U.S.C. §§ 1441 or 1367. "[A]bstention from the exercise of federal jurisdiction is considered 'an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" *Kirkbride v. Continental Cas. Co.*, 933 F.2d 729, 734 (9th Cir. 1991) (citing *American Underwriters, Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1256 (9th Cir. 1988) (quoting *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800 (1976))). "In abstention cases the district court must exercise its discretion within the narrow and specific limits prescribed by the particular abstention doctrine invoked." *Id.* (quoting *McIntyre v. McIntyre*, 771 F.2d 1316, 1319 (9th Cir.1985)).

Here, Plaintiff invokes the *Pullman* and *Younger* abstention doctrines. *Pullman* abstention is appropriate where:

> (1) the case touches on a sensitive area of social policy upon which the federal courts ought not enter unless no alternative to its adjudication is open,
> (2) constitutional adjudication plainly can be avoided if a definite ruling on the state issue would terminate the controversy, and
> (3) the proper resolution of the possible determinative issue of state law is uncertain.

*Porter v. Jones*, 319 F.3d 483, 492 (9th Cir. 2003). The requirements for *Pullman* abstention are not satisfied here because Plaintiff has failed to identify an unsettled issue of state or local law that would be determinative of the federal claims. *See Porter*, 319 F.3d at 492 (noting the absence of any of the factors supporting a *Pullman* abstention is sufficient to prevent such abstention). Therefore, because at least one of the factors of the *Pullman* doctrine is absent in this matter, the doctrine is inapplicable to Plaintiff's case.

*Younger* abstention is appropriate when (1) there is an ongoing state proceeding (2) that implicates important state interests and (3) the plaintiff has an adequate opportunity in that proceeding to raise federal claims. *See, e.g., Middlesex Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Martinez v. Newport Beach City*,

125 F.3d 777, 781 (9th Cir. 1997). All three factors of the *Younger* doctrine must be present for abstention to be appropriate. *Benavidez v. Eu*, 34 F.3d 825, 832 (9th Cir. 1994). Here, Plaintiff has pointed to no ongoing state proceeding that implicates important state interests wherein he has an opportunity to raise his federal claims. Therefore, the *Younger* abstention doctrine is inapplicable in this matter.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's motion for remand (Dkt. 9) is **DENIED**.

DATED this 23rd day of November, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5